## DANGEROUS CONDITION DUE TO THE ELEMENTS.

Circuit Court of Cuyahoga County.

THE VILLAGE OF NOTTINGHAM v. ELIZABETH HOFFMAN.*

Decided, January 20, 1908.

*Municipality Not Liable for Snow and Ice on Steps and Street.*

A municipal corporation is not liable for injuries received by slipping upon steps maintained by it, leading down from a street to a subway under railroad tracks, by reason of the natural accumulation of snow and ice upon the steps in the winter time.

*Smith, Taft & Arter,* for plaintiff in error.
*J. F. Herrick* and *Herrick & Hopkins,* contra.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The judgment in this case should not be reversed unless it is contrary to law, for no prejudicial error intervened at the trial.

Elizabeth Hoffman, on the morning of February 1, 190—, having been to a grocery store on Dille street in the village of Nottingham, just south ·of the Lake Shore Railroad Company's tracks, started for her home on the north side of the tracks. When she came to the tracks, on account of trains which she saw, she decided to take the subway under the track. Indeed a sign erected at the place read: "This grade crossing is dangerous. Use the under crossing."

At that place was a stairway built of cement, extending into Dille street and leading down into the subway. She noticed a light covering of snow on the stairway, but entered upon it and proceeded as far as the fourth step, when her feet slipped from under her and she fell to the bottom of the stairway, receiving serious injuries.

It seems that the snow hid from her sight an accumulation of ice on the lower steps which filled them up so completely that the children of the village had been using the place for coasting.

---

* Affirmed without opinion, *Hoffman* v. *Village of Nottingham,* 85 Ohio State, 447.

She brought her action against the village, predicating its negligence upon a faulty construction of the steps, in that the stairway was not covered so as to prevent snow and rain from falling into it, and alleging that the stairway was so constructed as to create therein a constant accumulation of snow and ice, by the seepage of water through the sides of the stairway and without proper drainage to carry it off; without wooden steps to make their use safe; without any attempt to remove said ice and snow, or to spread ashes thereon, or to warn pedestrians of the danger. She alleged that the village well knew of this dangerous condition of the stairway but that she was ignorant of it.

The argument of her counsel to sustain the judgment she recovered is as follows:

"Whether this be called a structural defect or nuisance or purely a case of negligence it seems to us immaterial. In neither case are the slippery sidewalk cases applicable, as the decisions in these cases themselves distinctly state. A nuisance necessarily includes the element of negligence, and it may rest either upon an unsafe construction or upon a perfectly proper construction when there is coupled therewith the omission of some obvious duty. Whether the construction of these steps was defective by reason of lack of drainage, as the result shows, or lack of protection against the elements by cover, or whether they be deemed to have been properly constructed, is immaterial, if in the latter event it is apparent, as we think it is, that the permission of their use so constructed, placed upon the village the obvious duty to keep them free from the element of danger, namely, the accumulation of ice and snow."

Thus it is conceded that the only danger incident to the use of these steps was created by the accumulation of ice and snow upon them. Such being the case, how are we to distinguish this case from the sidewalk cases? Indeed the facts in this case are almost identical with the facts in the case of *Barry* v. *City of Akron,* 7 C.C.(N.S.), 575, although the facts are not fully stated in the report of that case.

Here there was no covering over the stairs; there was seepage of water, a natural seepage coming from the rainfalls and snow, and a place shaded from the sun by the walls of the stairway. In the Akron case the sidewalk was shaded in the same manner by a

high bill-board and ice gathered in the spot where Barry slipped, while it was not general throughout the city.  The law of the Barry case, however, is to be gathered from its reversal in the Supreme Court, 76 O. S., 625, on authority of *City of Norwalk* v. *Tuttle,* 73 O. S., 242, a case which had not been commenced at the time the Barry case was considered by this court.

The kernel of the Tuttle case is found in the opinion where Judge Shauck says (page 245) :

"No default of the municipality appears in cases of this character when the peril is not due to defective construction or to any other act of the city contributing to or causing the dangerous condition of the street, but where that condition is due solely to the action of the elements."

Here the dangerous condition was due entirely to the action of the elements.  The stairs were perfectly safe stairs if the elements did not cover them with snow and ice.

Had the village permitted rubbish to accumulate upon the steps it would have been negligent, but it is not charged with the duty of removing accumulations of snow and ice which gather naturally.

We are constrained by the rule laid down in the Tuttle case by the Supreme Court, to hold that the judgment in this case is contrary to law and for that reason it is reversed.